UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 05-05-DCR |
| | ) | Civil Action No. 6: 08-7035-DCR |
| V. | ) | |
| | ) | |
| DONALD R. BLAKLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Petitioner Donald R. Blakley's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 84] Consistent with local practice, the motion was referred to United States Magistrate Judge Hanly A. Ingram for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Ingram filed his Recommended Disposition on November 8, 2010. [Record No. 110] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Blakley's motion be denied. Neither party has filed objections within the time permitted.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the

right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Recommended Disposition.

Blakley was charged on January 27, 2005, with one count of conspiring to knowingly receive and distribute visual depictions of a minor engaged in sexually explicit conduct, fifteen counts of knowingly receiving visual depictions of a minor engaged in sexually explicit conduct, and one count of possessing one or more electronically-stored visual depictions of a minor engaged in sexually explicit conduct. [Record No. 1] Blakley's primary trial strategy was to show that he was set-up by his wife. [Record No. 110, p. 3] The jury was unconvinced of this theory and returned a guilty verdict on all seventeen counts. [Record No. 47] Blakley was sentenced to 87 months incarceration on each count running concurrently, followed by a life term of supervised release. [Record No. 66] Blakley appealed his conviction to the United States Court of Appeals for the Sixth Circuit, arguing (1) that the trial court erred in excluding hearsay evidence offered by defense witnesses and (2) that there was insufficient evidence to sustain his conviction. *United States v. Blakley*, 329 F. App'x 229, 230 (6th Cir. 2007). On August 20, 2007, the Sixth Circuit concluded that there was insufficient evidence to convict Blakley of conspiracy and reversed that count, but affirmed Blakley's conviction on the remaining sixteen counts. *Id.* at 233–35. Because the sentence imposed on the conspiracy count (87 months) was the same as that imposed on each of the other counts, the Sixth Circuit did not require that Blakley be re-sentenced. *Id.* at 235. Blakley did not appeal the Sixth Circuit's decision. Instead, he filed the present motion for relief pursuant to 28 U.S.C. § 2255, raising

twenty-eight grounds for relief. He cited ineffective assistance of counsel, prosecutorial misconduct, fourth and fifth amendment violations, due process violations, and insufficiency of the evidence.

The Magistrate Judge was correct in concluding that a number of Blakley's grounds for relief are procedurally barred because they either: (1) were already decided on direct appeal; or (2) were forfeited by Blakley's failure to raise the issue on direct appeal. The law is well-settled that a defendant may not argue claims that he either failed to raise on direct appeal, *see Bousley v. United States*, 523 U.S. 614, 622 (1998), or, absent highly exceptional circumstances, raised and lost on direct review, *see Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). There are a number of arguments Blakley had an opportunity to raise on direct appeal, but failed to do so. He did not argue that certain evidence was obtained in violation of *Miranda v. Arizona* (grounds one through four), that the indictment was insufficient (grounds five and six), or that his conviction was faulty because of prosecutorial misconduct (grounds seven through eleven). A motion under § 2255 is not an opportunity to assert those claims for the first time. *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Additionally, Blakley raised his sufficiency of the evidence argument (grounds twenty-seven and twenty-eight) on direct appeal, but lost. Section 2255 does not provide a second bite of the appellate apple. Where Blakley has already asserted these claims and lost, the Court need not re-address them here. The Magistrate Judge was correct in finding that these arguments are procedurally barred.

The Magistrate was also correct in concluding that Blakley's assertions of ineffective assistance of counsel (grounds twelve through twenty-six) are unavailing. First, Blakley argues

that his trial counsel was ineffective because he failed to move to suppress admissions that Blakley now claims were made in violation of his *Miranda* rights (grounds fifteen through seventeen). The Magistrate Judge accurately concluded that, even if Blakley's *Miranda* argument were correct, this failure did not prejudice him. As the Sixth Circuit noted, the evidence of Blakley's guilt was "overwhelming." *Blakley*, 239 F. App'x at 233–34. The admission of these statements did not prejudice Blakley's defense. Further, the statements were not obtained in violation of *Miranda*, so the motion itself would have been frivolous. *See Stansbury v. California*, 511 U.S. 318, 322 (1994) (holding that, as was the case here, *Miranda* is not implicated when there is no restraint on the defendant's freedom of movement to the degree associated with a formal arrest). Without showing actual error by his attorney or prejudice, these claims fail.

Likewise, Blakley's argument that his counsel was ineffective for failing to move to suppress certain compact disks (ground eighteen) is also unavailing. Blakley's wife, Mary Jackson, consented to the search. Therefore, the search did not violate the Fourth Amendment. *See United States v. Matlock*, 415 U.S. 164 (1974). A motion to suppress would not have prevented the admission of this evidence. Blakley also argued that his counsel was ineffective for failing to move to suppress items found in a lock box at his house (grounds nineteen and twenty). However, he admitted that none of the incriminating discs were obtained from this lock box. [Record No. 86-5, p. 17] Because none of this evidence was used to convict him, Blakley has failed to show that his counsel's failure to suppress it prejudiced him in any way.

Finally, Blakley's general claims of ineffective assistance of counsel (grounds twelve

through fourteen and twenty-one through twenty-six) are too general and lack sufficiently particularized assertions to justify § 2255 relief. Blakley's arguments lack factual bases, and fail to meet either prong of the *Strickland* test. He has not met his burden of showing that any of the alleged failures were so egregious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Neither has he met his burden of showing that any deficient performance actually prejudiced the defense. *Id.* Again, the Court notes that the evidence against Blakley was "overwhelming," *Blakley*, 239 F. App'x at 233–34, and it simply cannot be said that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

In summary, the Court agrees with the Magistrate Judge's thorough analysis and reasoned conclusions. The claims asserted in Blakley's § 2255 motion are without merit and he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 110] is **ADOPTED** and **INCORPORATED** by reference.

2. Blakley's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Record No. 84] is **DENIED**.

3. A Certificate of Appealability shall not issue because Blakley has not made a substantial showing of the denial of any substantive constitutional right;

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 29th day of November, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge